```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

SHAWN PAUL DOYLE, :
: No. 1:06-CV-00441
    Petitioner, : No. 1:05-CR-00005
:
:
v. : **OPINION AND ORDER**
:
:
UNITED STATES OF AMERICA, :
:
    Respondent. :
:

      This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence (doc. 37), Petitioner's Memorandum in Support of His Motion to Vacate (doc. 45), The government's Response (doc. 43), Petitioner's Reply (doc. 46), and Petitioner's Unsworn Affidavit (doc. 47).  Also before the Court is Petitioner's Motion seeking discovery (doc. 39), and the government's Response in Opposition (doc. 44).  For the reasons indicated herein, the Court DENIES Petitioner's Motion to Vacate, and DENIES his Motion seeking discovery.

**I.  Petitioner's Motion to Vacate Sentence**

      On March 1, 2005, Petitioner entered a plea of guilty to Count One of the Indictment, which charged him with knowingly and intentionally possessing with the intent to distribute in excess of five grams of cocaine base (doc. 19).  The Court sentenced Defendant on July 7, 2005, to a term of imprisonment for 140 months (doc. 29).

Petitioner's instant petition challenges the sentence the Court imposed on four grounds (doc. 37, 45). Petitioner argues that 1) the officers lacked reasonable suspicion to arrest him when they stopped him, 2) that his guilty plea was not entered into knowingly, freely, and voluntarily, but was the result of allegedly inaccurate advice from his counsel, 3) that the sentencing guidelines were not calculated correctly, because he claims the Court incorrectly increased his criminal history points by two points based on the allegedly incorrect notion that he was "on parole," and 4) that his trial attorney provided ineffective assistance of counsel in failing to file an appeal as allegedly instructed, in failing to file a motion to suppress, in failing to undertake discovery, in failing to advance alleged <u>Booker</u> errors, and in failing to challenge the conclusion at sentencing that he was on parole (docs. 37, 45). Petitioner submitted an unsworn affidavit, in which he recounts a version of facts in support of his motion (doc. 47).

The government responds that under <u>Mabry v. Johnson</u>, 467 U.S. 504, 508 (1984), a voluntary and intelligent plea of guilty cannot be subject to collateral attack (doc. 43). Additionally, should a Petitioner wish to attack the voluntariness and intelligence of a guilty plea, he must first appeal the question (<u>Id</u>. <u>citing</u> <u>Reed v. Farley</u>, 512 U.S. 339, 354 (1994)). Here, argues the government, Petitioner filed no appeal, and therefore he

2

procedurally defaulted his claims (Id.).

The government nonetheless responds to each of the grounds of Petitioner's motion. As for Petitioner's challenge to the seizure of his person, the government contends he never filed a motion to suppress, and therefore the issue was not preserved, even if an appeal had been filed (doc. 43). As for Petitioner's second ground for relief, that his plea was not voluntarily and intelligently made, the government quotes his responses to the Court's questioning at his hearing on the change of his plea, at which time he stated he was under no pressure nor promised a lighter sentence in exchange for a plea (Id.).

The government further responds that Petitioner's argument fails that he was improperly placed in a criminal history category VI, as he would have been in such category even had he not been on probation (Id.). That said, the government responds the record shows Petitioner was indeed on probation, and that he committed the instant offense within two years after release from imprisonment such that he qualified for two criminal history points in any event under Guideline 4A1.1(e) (Id.). Regardless, states the government, Petitioner qualified for placement in category VI as a result of his prior convictions, and whether he had received any points for his probation is therefore immaterial (Id.).

As for Petitioner's claim that his counsel was ineffective in failing to appeal, the government cites the

3

sentencing hearing transcript, where the Court advised Petitioner that he could request the clerk of the court to file a notice of appeal on his behalf (Id.). Petitioner made no such request, and proffers no evidence that his attorney failed to make such a request (Id.). The government further cites to Petitioner's signed plea agreement, in which he indicated he had thoroughly reviewed the case with his attorney, was satisfied with his attorney's legal representation, and having conferred with his attorney, he concluded it was in his strategic best interest to enter into the agreement in its entirety (Id.). Petitioner similarly stated at the plea hearing that he was satisfied with the advice he received from his attorney (Id.). As such, the government argues, Petitioner's statements before the Court completely contradict his current claim that his attorney was ineffective for failing to file a motion to suppress or to investigate the facts of his case (Id.).

The government next addresses Petitioner's argument that his counsel was ineffective for failing to advance "Booker" errors (Id.). Petitioner states that in the absence of the imposition of career offender status, his "offense level would have been 27 offense levels instead of 31 offense levels," and that his sentence "was enhanced to a sentence beyond the statutory maximum based on facts supporting the enhancement for career offender status, which were not alleged in the indictment, submitted to a jury, (or

4

admitted to by the defendant in the process of pleading guilty), and proven beyond a reasonable doubt" (doc. 37). Petitioner alleges that his Counsel failed to challenge the career offender enhancement he received, which increased his offense level to thirty-one (Id.). The government responds that Petitioner misunderstands case law on this point, and that United States v. Booker, 543 U.S. 220 (2005), did not eliminate judicial fact-finding (Id. citing United States v. Stone, 432 F.3d 651, 654-55 (6th Cir. 2005)). The Court, argues the government, is entitled "to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guideline sentence" (Id. quoting United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).

Petitioner replied to the government's response on August 24, 2006, arguing the Court should reject the government's contention that his claims for violation of Fourth Amendment search and seizure are procedurally barred (doc. 46). Petitioner invokes Kimmelman v. Morrison, 477 U.S. 365 (1986) for the proposition that his claim is not procedurally barred because the failure to litigate it is due to issues of ineffective assistance of Counsel (Id.). Petitioner further argues that he explicitly instructed his Counsel to file an appeal, but Counsel "failed and refused to do so" (Id.). He argues his Counsel advised him that should he not plead guilty he would be subject to life imprisonment (Id.).

5

Petitioner argues he was forced and intimidated into make the statements he made at the sentencing and change of plea hearings before the Court (Id.).

Petitioner contends that he acknowledges the Court's judicial fact-finding powers, but his sentence nonetheless violates Booker because the Court enhanced it beyond the statutory maximum derived from the Guidelines based on facts neither alleged in the Indictment, nor submitted to a jury, nor admitted by the Defendant, nor proven beyond a reasonable doubt (Id.). Petitioner argues that his due process rights were violated when his offense level was enhanced by the twenty grams of crack, which he argues was only relevant to Count Two of the Indictment, which was dismissed in the plea agreement (Id.). The inclusion of such amount in calculating his sentence, he argues, thus violates Apprendi v. New Jersey, 530 U.S. 466 (2000). Finally, Petitioner argues that because he was allegedly not informed of post-release control at his state sentencing hearing, nor was such post-release control incorporated into the sentencing order, he was not on parole (Id.). As such, he reiterates, he should not have been assessed two criminal history points on the basis he was on parole (Id.).

Having reviewed this matter, the Court finds Petitioner's motion lacking in merit. The records shows that Petitioner plead guilty to Count One of the Indictment, which charged him with knowingly and intentionally possessing with the intent to

6

distribute in excess of five grams of cocaine base. In response to the Court's queries Petitioner stated he was neither under pressure to enter such plea nor promised a lighter sentence for having so agreed. At no point has Petitioner claimed he was actually innocent of the offense. Of particular relevance to the substance of his present claims: he gave up his right to a trial by jury and the right to require the government to prove him guilty beyond a reasonable doubt. Petitioner indicated he understood he was giving up such rights, and that he was pleading guilty because he was in fact guilty of the charged offense.

Now, with an unsworn affidavit, Petitioner contradicts his earlier sworn statements and the content of his signed plea agreement in which he stated, in paragraph thirteen, that he gave his plea freely and voluntarily. The Court does not find Petitioner's present claims credible that his plea was coerced. In any event, Petitioner failed to file an appeal attacking the voluntariness and intelligence of his guilty plea, and therefore the instant collateral attack is not properly before the Court. Reed v. Farley, 512 U.S. 339, 354 (1994)).

Petitioner could, however, qualify for habeas review should he demonstrate "cause" for his default in raising his Fourth Amendment claim, and actual prejudice resulting from the alleged violation of his rights. If he could show ineffective assistance of counsel, this would establish the requisite cause and prejudice

7

to overcome his procedural default. <u>United States v. Walker</u>, 68 F.3d 931, 934 (5th Cir. 1995). In order to show ineffectiveness of counsel, Petitioner must overcome the strong presumption of attorney competence under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Here, the record in no way shows that the performance of Petitioner's counsel fell below an objective standard of reasonableness. Petitioner's own statements at his change of plea hearing belie such notion. In any event, Petitioner has not shown that his Fourth Amendment claim is meritorious nor shown a reasonable probability that but for the failure of his counsel to file a motion to suppress the outcome of his case would have been different. <u>Kimmelman v. Morrisson</u>, 477 U.S. 365, 375 (1986).

The Court is satisfied with the government's explanation that Petitioner was properly classified in a criminal history category VI, and that such classification would not be affected by Petitioner's claim that he was not on probation, should such theory have any merit. The Court is further satisfied that Petitioner was advised of his right to appeal, and that he could have requested to clerk to file a notice of appeal, regardless of any action or alleged inaction of his Counsel. The Court rejects Petitioner's theory that his rights were violated under <u>Booker</u>: contrary to his fundamental assertion, his sentence was not enhanced beyond the Guidelines, but fell on the lowest end of the range for his offense level of twenty-eight, which provides for a range of one-hundred

8

forty to one-hundred seventy-five months (doc. 40). He was classified at level twenty-eight after the Court granted the government's motion for a downward departure from a total level of thirty-four, which provides for a minimum of one hundred eighty-eight months (Id.). Moreover, when he entered his change of plea, Petitioner waived his right to have his case submitted to a jury or to have the charges alleged against him proven beyond a reasonable doubt. He therefore gave up the rights he complains were violated under Booker and Apprendi.

In summary, the Court rejects each ground asserted by Petitioner in his motion to vacate, and finds no basis for a claim of ineffective assistance of counsel under any of Petitioner's theories. Accordingly, the Court DENIES Petitioner's Motion to Vacate (doc. 37).

**II. Petitioner's Discovery Motion**

Petitioner again requests lab test results relating to the evidence used against him in this case (doc. 39). The Court finds well taken that such request is merely a reiteration of a previous motion, (doc. 33), of which the Court already issued a ruling (doc. 36). The Court finds no reason to revisit the issue, and as such, DENIES Petitioner's Discovery Motion (doc. 39).

**III. Conclusion**

For the reasons indicated herein, the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence

9

(doc. 37), DENIES Petitioner's Motion for Discovery (doc. 39), and DISMISSES this case from the Court's docket. The Court further DECLINES to issue a certificate of appealability because a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal in forma pauperis will be denied.

SO ORDERED.

Dated: February 6, 2007              /s/ S. Arthur Spiegel
                                     S. Arthur Spiegel
                                     United States Senior District Judge